A. G. FILE No. _____

GERALD C. MANN
ATTORNEY GENERAL



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-5641
Re: Method of extending and enlarging
city controlled schools constitu-
ting an independent school district
so as to embrace an adjoining com-
mon school district, and the method
of spreading the indebtedness over
the enlarged school district.

We acknowledge receipt of your opinion request of
recent date and quote from your letter as follows:

"The City of Whitewright assumed control of
its schools in 1895. This district is still
municipally controlled. The Whitewright School
District desires to enter into consolidation with
a common school district which completely sur-
rounds the Whitewright Independent School Dis-
trict. The common school district has territory
in two counties. The trustees of the Whitewright
District would like to know just how this common
school district may be consolidated or annexed to
the Whitewright District.

"Bonds for the building of schoolhouses were
voted and issued by the City of Whitewright for
school purposes. If a method can be found for
consolidating the common school district referred
to above to the Whitewright Independent School
District, will the bonded obligation referred to
above continue as an obligation of the City of
Whitewright, or can the bond tax be spread over
the enlarged school district, which will, after

Honorable T. M. Trimble, page #2

the consolidation, include more than the terri-
tory included within the boundaries of the City
of Whitewright?"

It is within the power of the Legislature to author-
ize cities or towns which constitute independent school dis-
tricts to extend their boundaries for school purposes. Moer-
schell v. City of Eagle Lake (Civ. App.) 236 S. W. 996, error
refused; City of Eagle Lake v. Lakeside Rice Mill Co., (Civ.
App.) 144 S. W. 712, error refused; City of Eagle Lake v.
Lakeside Sugar Refining Co., (Civ. App.) 144 S. W. 709, error
refused. The Legislature has so provided for this procedure
in Article 2803 of the Revised Civil Statutes of Texas, which
reads as follows:

"Any city or town that has taken charge of the
public free schools within its limits, or that
shall hereafter take charge of the same, may, by
ordinance, extend its corporation lines for school
purposes only, on a petition signed by a majority
of the resident qualified voters of the territory,
which is to be taken into said city or town for
school purposes only, and recommended by a majority
vote of the trustees of the public free schools of
said city or town; provided, that the proposed
change shall not deprive the scholastic children
of the remaining part of the common school district
or districts which may be affected by the proposed
change, of the opportunity of attendance upon school.
The added territory shall bear its pro rata part ac-
cording to taxable values of any school debt or debts
that may be owed or contracted by said city or town
to which it shall have been added, and shall not bear
any part of any other debt that may be owed or con-
tracted by such town or city. The property of the
added territory shall bear its pro rata part of all
school taxes, but of no other taxes. The added ter-
ritory shall not affect the city's debts or business
relations in any manner whatever, except for school
purposes as provided above. The officers whose duty
it is to assess and collect school taxes within the
city limits shall also assess and collect school tax-
es within the territory added for school purposes as
herein provided." (Underscoring ours).

197

Article 2804, Revised Civil Statutes of Texas, the constitutionality of which has been upheld (City of Houston v. Todd (Civ. App.) 276 S. W. 419), provides that whenever the limits of a city which constitutes an independent school district are extended or enlarged so as to include adjacent independent school districts or common school districts, the territory so included "shall hereafter become a part and portion of the independent school district constituted by such incorporated city or town."   City of Houston v. Todd, supra.

Article 2805, Revised Civil Statutes, fixes the liability of the city for its proportion of the bonded indebtedness of the district annexed to the city.

In Kuhn v. City of Yoakum, 257 S. W. 337, it was objected that Revised Civil Statutes, 1911, Article 2885 (Revised Civil Statutes, 1925, Articles 2803, et seq.) was unconstitutional in that it authorized property to be added to an existing school district and, without an election by the persons affected, made their property in the added territory liable for its "pro rata" part of the existing indebtedness of the district.  It was held that where a majority of the residents of the added territory petition for an addition to the city for school purposes only, they cannot complain because no election is held to determine whether the added territory will pay its pro rata share of the existing debts of the annexing district.

On the question of the common school district being in two counties, this department, we think, correctly held in 1919 that a city or town may extend its limits for school purposes only without regard to county limits.

In view of the foregoing discussion, it is our opinion that the City of Whitewright, which has assumed control of its schools, may extend its city limits for school purposes only to include the adjacent common school district, under the authority of Article 2803, Revised Civil Statutes, and the bond tax will be spread over the entire district as provided for in Articles 2803 and 2805 of the Revised Civil Statutes.

Honorable T. M. Trimble, page #4

Trusting that this answers your question, we are

APPROVED AUG 26 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By ~~Claud O. Boothman~~
Claud O. Boothman
Assistant

COB-s

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN